IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-cr-136 |
| | ) | |
| -vs- | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ON MOTION TO DISMISS** |
| Verlin D. Swartzendruber, a/k/a TC, a/k/a Joseph Severin, | ) | **INDICTMENT** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is Defendant's motion to dismiss the indictment, or alternatively, motion to dismiss Count 10 of the indictment (Doc. #30). Defendant filed a memorandum of law and reply memorandum in support of his arguments (Doc. #30, #45). The United States filed a memorandum in opposition to the motion (Doc. #44). The Court, having considered all of the briefs and documents filed by the parties, now issues this memorandum opinion and order.

## SUMMARY OF DECISION

The March 2005 Order of this Court tolled the statute of limitations for all offenses alleged in the indictment; therefore, Defendant's motion to dismiss on the grounds that the indictment or alleged offenses are time-barred is **DENIED**. The Court further concludes that the United States' ex parte application under 18 U.S.C. § 3292 complied with the statute and does not violate due process; therefore, Defendant's motion to dismiss on these grounds is also **DENIED**.

## FACTUAL BACKGROUND

An arrest warrant was first issued for Defendant on November 14, 2006, after the United

States presented a complaint to the magistrate judge. On December 6, 2006, Defendant was indicted on six counts of wire fraud, three counts of money laundering, conspiracy to defraud the United States, and conspiracy to commit money laundering. There is also a forfeiture allegation. The offenses are alleged to have occurred primarily between July 1999 and April 2001, with the exception of the tax fraud count, which is alleged to have occurred from July 1999 to the date of the indictment. After the indictment was returned, another arrest warrant was issued.

Defendant is alleged to be the head of Preferred Group Ltd., a St. Vincent corporation, with offices in St. Vincent and Grenada, West Indies. He is also alleged to have served as the head of Preferred Trust and Management Ltd., a Grenada corporation, with offices in St. Vincent and Grenada, West Indies. On June 26, 2008, Defendant was arrested in Laredo, Texas. It was believed that Defendant was residing outside of the country when the arrest warrant was issued in 2006. He was arrested when he returned to the United States in 2008.

According to the United States, investigation by the grand jury of the alleged "Prime Bank" scheme involving Defendant began as early as January 2003. The investigation not only focused on Defendant, but also Frederick Keiser, Jr., a licensed North Dakota commodities broker, who was believed to be participating in concert with or aiding and abetting Defendant. Frederick Keiser, Jr. was indicted separately on June 8, 2005. The charges against him included ten counts of wire fraud, nine counts of money laundering, conspiracy to defraud the United States, and conspiracy to commit money laundering. On March 16, 2007, Keiser was found guilty after a jury trial on all counts. He was sentenced to 144 months imprisonment. Keiser has appealed to the Eighth Circuit Court of Appeals. His appeal is pending.

In addition, Byron Swartzendruber, Defendant's son, was indicted in September 2007 for

conspiracy to defraud the United States with regard to the same alleged "Prime Bank" scheme. Trial for Byron Swartzendruber was scheduled to begin on July 21, 2008. The United States and Byron Swartzendruber mutually resolved the charge before trial.

Before any of the alleged conspirators were indicted, the United States applied to the Court pursuant to 18 U.S.C. § 3292 for an ex parte order suspending the statute of limitations to permit the United States to obtain foreign evidence. In an Order dated March 21, 2005,[1] ("tolling Order") the Court granted the application and stated:

> That the running of the statute of limitations for the listed offenses for the period identified in the sworn application of the United States begins on October 7, 2002, and continues until the date in which the Costa Rican authorities, Bahamian authorities, and Swiss authorities, take final action on the United States' requests by delivering a complete response to the United States[.]

Defendant has moved to dismiss the indictment as time-barred, arguing the tolling Order on its face does not toll the statute of limitations for the listed offenses and does not toll the tax fraud charge (Count 10) because it was not specifically listed in the application or tolling Order. He also raises several additional issues regarding the manner in which the tolling Order was obtained and whether there was compliance with the statute. Each issue is addressed below.

## **ANALYSIS**

Defendant's primary argument is the tolling Order does not toll or suspend the statute of limitations as contemplated by 18 U.S.C. § 3292. He argues the Order instead provides for the "running" of the statute of limitations, or, at the very least, the Order is ambiguous and the rule of lenity requires that the Order be construed in his favor.

---

[1] The undersigned judge was not on the federal bench at this time and did not participate in the decision.

Statutes of limitations in criminal cases normally begin to run when the crime is "complete." Pendergast v. United States, 317 U.S. 412, 418 (1943). With respect to conspiracy offenses, the United States must prove at least one overt act that occurred within the statute of limitations. United States v. Dolan, 120 F.3d 856, 864 (8th Cir. 1997). If the indictment is not filed by the last day of the statute of limitations, then the indictment will be time-barred unless the United States can establish that it effectively tolled the statute of limitations.

The Eighth Circuit has not yet interpreted 18 U.S.C. § 3292. Nevertheless, a few other circuits and district courts have had occasion to analyze this statute in several different contexts. The Court has studied these decisions for guidance in this case.

**A. The Language and Purposes of 18 U.S.C. § 3292**

Prosecutors investigating financial crimes involving offshore banks used to launder the proceeds of criminal activities or to evade taxes face difficulties obtaining information. United States v. Davis, 767 F.2d 1025, 1037-38 (2d Cir. 1985). To ease some of the difficulties, Congress enacted 18 U.S.C. § 3292, which allows a federal prosecutor to toll the statute of limitations while an official request to a foreign government for evidence is pending. Id. Section 3292, of Title 18, provides, in relevant part:

> (a) (1) Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.
>
> * * *
>
> (b) Except as provided in subsection (c) of this section, a period of suspension under

>this section shall begin on the date on which the official request is made and end on the date on which the foreign court or authority takes final action on the request.
>
>(c) The total of all periods of suspension under this section with respect to an offense--
>
>>(1) shall not exceed three years; and
>>
>>(2) shall not extend a period within which a criminal case must be initiated for more than six months if all foreign authorities take final action before such period would expire without regard to this section.

According to the plain language of the statute, the United States is not given unlimited ability to toll the statute of limitations. For instance, the United States must file an application before an indictment is returned. The United States must also establish "by a preponderance of the evidence" that an official request has been made for foreign evidence and it reasonably appears that there is evidence in a foreign country. Additionally, the statute of limitations can only be tolled for three years and it cannot be tolled for more than six months after all foreign authorities take "final action." Having the opportunity to examine the statute at issue, the Court has considered each of Defendant's arguments.

**B.     Rule of Lenity and Interpreting Ambiguities in a Court Order**

Defendant argues the tolling Order is ambiguous and the ambiguity must be resolved in his favor. His argument is premised on the rule of lenity. The United States' memorandum opposing Defendant's motion to dismiss is of little assistance to the Court. It discusses generally 18 U.S.C. § 3292, but does not discuss the rule of lenity or how ambiguities in court orders are to be resolved. Nevertheless, the Court finds that the rule of lenity generally does not apply to court orders and any ambiguity in the tolling Order can be resolved by examining the language in the entire Order along with the application to the Court preceding the Order.

If a criminal statute is ambiguous, the rule of lenity requires a court to "give the defendant the benefit of the doubt." United States v. Bolden, 545 F.3d 609, 633 (8th Cir. 2008) (Ebel, J., concurring). The rule of lenity applies to the sentencing guidelines as well as criminal statutory provisions. Rowe v. Lockhart, 736 F.2d 457, 462 (8th Cir. 1984). It does not appear Defendant is contending a provision of 18 U.S.C. § 3292 is ambiguous. Instead, he contends the Court's tolling Order is ambiguous. Defendant has not cited, and the Court is unaware of, any authority in which the rule of lenity may be applied to resolve an ambiguity in a judgment or order.

Court orders are construed like other written documents, except that the determining factor is not the intent of the parties, but that of the issuing court. United States v. Spallone, 399 F.3d 415, 424 (2d 2005); CJS Motions § 73. Courts are to construe an ambiguous order in a manner consistent with the best interests of justice and according to its substance and function. AmJur Motions § 48. When a court is required to choose between a construction that gives significance to all clauses of an order and another which makes one of the clauses meaningless, the former is preferred. CJS Motions § 73 (citations omitted). A reviewing court may properly look at what preceded the order and what it was intended to resolve in determining the meaning of an order. Bolden, 399 F.3d at 424; Anderson v. Stephens, 875 F.2d 76, 80 (4th Cir. 1989).

In contrast to the manner in which Defendant reads the United States' memorandum opposing his motion, it appears to the Court that the United States does not acknowledge any ambiguity in the tolling Order. The United States maintains that "[i]t is very clear what the meaning of the Order is, even with the one word emphasized by the Defendant." (Doc. #44, p. 4). The paragraph in dispute is not so clear. In fact, it contradicts the paragraph before it. The

Order grants the application by the United States to suspend or toll the statute of limitations in one paragraph and in the next paragraph states:

> That the running of the statute of limitations for the listed offenses for the period identified in the sworn application of the United States begins on October 7, 2002, and continues until the date in which the Costa Rican authorities, Bahamian authorities, and Swiss authorities, take final action on the United States' requests by delivering a complete response to the United States[.]

In applying the rules of construction for court orders, the Court has reviewed the application preceding the Order and the Order as a whole and finds that the Court intended to "toll" the running of the statute of limitations, not to keep the statute of limitations running. This construction gives significance to all paragraphs and comports with what the United States was asking the Court to resolve.

It is of no significance that the font and layout of the tolling Order is the same as the font and layout of the application. There has been no evidence presented to substantiate the allegation that the United States drafted the tolling Order. Moreover, the undersigned judge was not on the federal bench when this Order was signed, did not participate in the decision, and does not know what was submitted to the Court. While it would have been preferable for the United States to bring to the Court's attention the imprecise language at the time the Order was signed, the Court's intent in executing the tolling Order is easily determinable. The Court finds that the Order executed in March 2005 tolled the statute of limitations pursuant to 18 U.S.C. § 3292.

### C.     Timeliness of Count 10: Conspiracy to Defraud the United States

The indictment alleges Defendant was involved in a conspiracy to defraud the United States from July 1999, up to and including the date of the indictment, which was December 6,

2006.  Defendant argues 18 U.S.C. § 3292 is "offense specific" and since conspiracy to defraud the United States was not listed in the application to toll the statute of limitations or in the tolling Order, Count 10 must be dismissed.  The United States concedes the tax fraud count was not included in the application or tolling Order, but contends that the offense is within the statute of limitations for other reasons.

Although not specifically argued by the United States, this Court finds persuasive the reasoning of other courts interpreting 18 U.S.C. § 3292 and concluding that every single offense need not be listed by statutory citation or with exact specificity before a court may find the statute tolled for an offense.  Accordingly, Defendant's motion to dismiss Count 10 is denied.

Section 3292, of Title 18, does not require that the offenses sought to be tolled be listed by statutory citation.  United States v. Ratti, 365 F.Supp.2d 649, 656 (D.Md. Feb. 1, 2005); United States v. Neill, 952 F.Supp. 831, 832-33 (D.D.C. Nov. 26, 1996).  Courts interpreting the specificity required under 18 U.S.C. § 3292 have concluded that so long as the offenses designated in the application are "reasonably specific to elicit evidence probative of the offenses under investigation," they may be tolled.  Id.  The district court in Neill explained that it would be unreasonably formalistic and unnecessary to impose a requirement that the United States list by citation the statutes that may have been violated since listing offenses by statutory citation would do nothing to facilitate the foreign evidence request.

In this case, the United States decided to list offenses it was investigating by statutory citation in its application.  At the time of the application and tolling Order, the United States was in the investigation stage.  It needed information from foreign accounts to complete its investigation.  Defendant's reading of the statute is unreasonably formalistic in that it requires

the United States to be omniscient of every possible crime before records are requested and the investigation is complete.

Clearly, tax fraud is intimately related to the wire fraud, money laundering, and conspiracy to commit money laundering offenses that were under investigation and listed in the application and tolling Order.  While the district court's decision in United States v. Ratti, 365 F.Supp.2d 649 (D. Md Feb. 1, 2005) is not precedential in this circuit, the Court finds its reasoning persuasive.  Because tax fraud is intimately related to the other counts in the indictment that were specifically tolled, the Court finds the tolling Order applies with equal force to the tax fraud count.  Ratti, 365 F.Supp.2d at 656 (finding the application to toll the limitations period applied to wire fraud charge, which was not mentioned in application when it was related to the alleged general scheme to defraud under investigation).  Defendant's motion to dismiss Count 10 because the offense was not specifically included in the application or tolling Order is **DENIED.**

The United States also points out that it is not limited to proof of overt acts charged in the indictment and it will present at trial additional evidence of the conspiracy to commit tax fraud, rendering the offense timely without the tolling Order.  To satisfy the statute of limitations, the United States has to show the conspiracy continued to exist within the statute of limitations. United States v. Rabinowitz, 56 F.3d 932, 933 (8th Cir. 1995).  A violation of 18 U.S.C. § 371 "does not require a conspiracy against the United States, only a conspiracy to violate the laws of the United States."  Tramp v. United States, 978 F.2d 1055, 1055 (8th Cir. 1992) (per curium).

For general offenses involving defrauding the United State and specifically offenses under 18 U.S.C. § 371 involving tax fraud, the statute of limitations is six years. 26 U.S.C. §

6531; United States v. Brunetti, 615 F.2d 899, 901 (10th Cir. 1980); United States v. Christensen, 344 F.Supp.2d 1294, 1297-98 (D. Utah May 27, 2004).  All the United States has to show is that one of the conspirators committed an overt act in furtherance of the conspiracy within six years of the indictment.  See United States v. Thompson, 518 F.3d 832, 856 (10th Cir. 2008).  The United States is not bound to prove each and every overt act alleged in the indictment.  United States v. Huber, 404 F.3d 1047, 1056 (8th Cir. 2005).   Moreover, the defendant need not have knowledge of every detail of a conspiracy; a tacit understanding to commit the offense is sufficient to create a conspiracy.  United States v. McCarty, 611 F.2d 220, 222 (8th Cir. 1979).  Finally, the United States is not limited to proof of only the overt acts alleged in the indictment.  United States v. Coleman, 349 F.3d 1077, 1088 (8th Cir. 2003) (citations omitted).

Thus, even without the tolling Order, the Court is not prepared to dismiss the tax fraud count until after the evidence is presented at trial. The indictment gives Defendant fair notice of the charges. The United States asserts that it has additional evidence in furtherance of the conspiracy that is not in the indictment.  All the United States has to establish at trial is that a conspirator performed one overt act to defraud the United States within six years of the indictment.  If Defendant believes that the United States has failed in its burden of proof at trial, he can renew his motion at that time.

**D.     Grand Jury Investigation**

Defendant argues there was no grand jury impaneled to investigate the offenses against him as required in 18 U.S.C. § 3292; therefore, the tolling Order is invalid.  The United States responds that grand jury subpoenas were issued to various banks for production of records in

January 2003 and April 2003, and the investigation was continuing at the time of the tolling Order.

Defendant has not disputed that grand jury subpoenas were issued in January 2003 and April 2003, two years before the tolling Order. The Court is satisfied that there was a grand jury investigating the offenses at the time the tolling Order was issued. Moreover, Defendant has no case law to support his interpretation of the statute - that is, there must be a grand jury impaneled to investigate the offense before a district court can toll the statute of limitations. At least one other court, as Defendant notes, has held the phrase "the district court before which a grand jury is impaneled to investigate the offense" is a venue requirement. United States v. DeGeorge, 380 F.3d 1203, 1214 (9th Cir. 2004). Defendant's reading would require the United States to present evidence to the grand jury before a § 3292 application is filed. There is no such specific requirement in the statute. Moreover, his interpretation would frustrate the entire purpose of 18 U.S.C. § 3292. Defendant's argument that there was no grand jury investigating the offenses at the time of the tolling Order is without merit.

### E. Ex Parte Nature of the Application

Defendant requests that this Court invalidate the tolling Order because it was obtained ex parte. The United States offers no legal authority in response.

First, nothing in the statute indicates or even suggests that Defendant must be given notice. Second, Defendant's argument has already been rejected by numerous courts. United States v. Hoffecker, 530 F.3d 137, 168 (3d Cir. 2008); United States v. Bohn, 281 Fed.Appx. 430, 2008 WL 2332226 (6th Cir. June 6, 2008) (concluding "[t]here is nothing in the statute to suggest that individuals who might be affected by the suspension of the statute of limitations are

entitled to notice or hearing on the government's application"); United States v. Torres., 318 F.3d 1058, 1061 (11th Cir. 2003) ("Under § 3292 the government may apply, *ex parte,* for suspension of the statute of limitations when it seeks evidence located in a foreign country."); United States v. Wilson, 249 F.3d 366, 371 (5th Cir. 2001), rev'd on other grounds, 322 F.3d 353 ("An application to toll the statute of limitations under § 3292 is a preindictment, ex parte proceeding."); DeGeorge v. United States Dist. Ct. for Cent. Dist. of Cal., 219 F.3d 930, 937 (9th Cir. 2000) (finding no basis in the statute for disallowing an *ex parte* application); United States v. Titterington, 354 F.Supp.2d 778, 784 (W.D. Tenn. Feb. 3, 2005) (finding Congress' intent was that the application to toll the statute of limitations could be made ex parte); Ratti, 365 F.Supp.3d at 655.

The Court agrees with the other courts that have concluded an application to toll the statute of limitations can be made ex parte under 18 U.S.C. § 3292. The Court finds the tolling Order valid and no due process violation. Defendant's motion to dismiss on this basis is **DENIED**.

  **F.**  **Calculation of the Statute of Limitations**

While Defendant has made various arguments under 18 U.S.C. § 3292, it does not appear he is contending that the specific dates in which the United States asserts the statute of limitations was suspended are erroneous. To be sure, the Court will review the alleged offenses in light of the tolling Order and the parameters of 18 U.S.C. § 3292.

    1.  <u>Statute of Limitations had not yet run when Court issued tolling Order</u>

A district court can toll the statute of limitations under 18 U.S.C. § 3292 only if the

limitations period has not yet expired. United States v. Kozeny, 541 F.3d 166, 172 (2d Cir. 2008). The parties note that the offenses are governed by the general five-year statute of limitations found in 18 U.S.C. § 3282(a).[2] Wire fraud is alleged in the indictment to have occurred on July 14, 2000; August 16, 2000; October 13, 2000; October 17, 2000; November 22, 2000; and January 3, 2001. The five-year statute of limitations had not yet run on any of the wire fraud charges when the United States applied to the Court on March 14, 2005, to suspend the limitations period. Likewise, money laundering is alleged in the indictment to have occurred on July 14, 2000; August 16, 2000; and January 3, 2001. The five-year statute of limitations had not yet run on any of the money laundering charges when the United States applied to the Court on March 14, 2005, to suspend the limitations period.

With regard to the alleged conspiracy offenses, the statute of limitations does not run until the crime is "complete." Pendergast, 317 U.S. at 418. The United States has alleged Defendant participated in a conspiracy to commit money laundering between July 1999 and April 2001. The Court was authorized to suspend the limitations period as to this alleged offense, as the five-year statute of limitations had not run in March 2005. In contrast, the Court did not specifically suspend the statute of limitations as to the tax fraud charge since it was not listed in the application. Nevertheless, the tolling Order applies to the alleged tax fraud charge, as explained in Section C.

The indictment alleges that Defendant participated in a conspiracy with Keiser to avoid payment of federal income taxes. The indictment further alleges that emails were exchanged

---

[2] Even though the parties agree the general five-year statute of limitations applies to all counts, it appears that the statute of limitations for Count 10, conspiracy to defraud the United States, is subject to a six-year statute of limitations.

between Defendant and Keiser, including one on March 15, 2000, wherein Defendant writes that debit cards have no paper trail, Keiser is "set up for maximum offshore privacy", and the IRS does not have a right to know about "your [Keiser's] strategies." Because the conspiracy was ongoing and the limitations period, whether five or six years, had not yet run on the tax fraud charge, the Court had the authority to toll this offense as well.

Because the statute of limitations had not yet run on any of the alleged offenses when the United States applied for an Order tolling them, the Court had the authority to do so.

### 2. Proper Suspension Period

When the limitations period is tolled under 18 U.S.C. § 3292, the period of suspension begins on the date of the official request and ends on the date that the foreign authority takes "final action," but cannot exceed three years. The United States asserts that "final action" was taken on April 24, 2008, when the Bahamian authorities sent two boxes of records. Defendant has not disputed this assertion. The United States also asserts that the suspension period began on October 7, 2002. Defendant has not disputed this assertion.

According to the application requesting the suspension of the statute of limitations, official requests to three countries were pending and official requests to two countries were completed at that time. The sequence is as follows:

### Completed Requests

The initial request to Grenada was sent on October 7, 2002, a supplemental request was sent on November 6, 2003, and the request was completed on December 18, 2003.

A request was sent to St. Vincent and the Grenadines on October 11, 2002, and completed on March 4, 2003.

### Pending Requests

An initial request was sent to Costa Rica on December 9, 2003, and a follow-up request was sent on February 2, 2005.

An initial request was sent to Switzerland on November 2, 2004.

An initial request was sent to the Bahamas on March 25, 2004, a follow-up request on October 5, 2004, and a second follow-up request on November 17, 2004.

Thus, under a plain reading of the statute, the suspension period began on October 7, 2002, and ended three years later on October 7, 2005. [3]

### 3. Timeliness of Charged Offenses

The indictment was filed on December 6, 2006. It alleges offenses occurring between July 1999 and December 6, 2006. Adding the general five-year statute of limitations to the three years in which the limitations period was tolled, offenses occurring between December 6, 1998 and December 6, 2006 are timely. The Court finds that none of the offenses in the indictment are time-barred.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment, or alternatively motion to dismiss Count 10 is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2009.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

---

[3] Section 3292(c)(2), of Title 18, does not come into play because final action did not occur until April 2008, after the indictment had already been filed.

15