IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:06-cr-136 |
| | ) | |
| -vs- | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ON MOTION TO DISMISS** |
| Verlin D. Swartzendruber, a/k/a TC, a/k/a | ) | **COUNTS 7-9 AND COUNT 11 OF THE** |
| Joseph Severin, | ) | **INDICTMENT** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is Defendant's motion to dismiss Counts 7, 8, 9, and 11 of the indictment (Doc. #31). Defendant filed a memorandum of law in support of his arguments (Doc. #31). The United States filed a memorandum in opposition to the motion (Doc. #43). The Court, having considered all of the briefs and documents filed by the parties, now issues this memorandum opinion and order.

## SUMMARY OF DECISION

Wire fraud, money laundering, and conspiracy to commit money laundering are distinct offenses; therefore, Defendant's motion to dismiss the money laundering counts and conspiracy to commit money laundering count is **DENIED**.

## FACTUAL BACKGROUND

Defendant is charged by way of an indictment filed on December 6, 2006. Counts 7 through 9 allege money laundering and Count 11 alleges conspiracy to commit money laundering. Defendant contends the wire transfer alleged in Count 7 as money laundering is the act of wire fraud charged in Count 1. He also contends the wire transfer alleged in Count 8 as

money laundering is the act of wire fraud charged in Count 2.  Additionally, Defendant contends the wire transfer alleged in Count 9 as money laundering is the act of wire fraud charged in Count 6.  Finally, he contends the conspiracy alleged in Count 11 lists the overt acts from the wire fraud transfers in Counts 1 through 6.  Defendant argues there is no distinction between the three wire transfers in Counts 7 through 9 and the wire fraud acts alleged in Counts 1, 2, and 6, and in addition no separate distinct acts to support the conspiracy alleged in Count 11.

## ANALYSIS

Defendant's argument is essentially that the indictment is multiplicitous because the money laundering counts and the wire fraud counts are the same.

The indictment alleges Defendant committed six individual acts of wire fraud in violation of 18 U.S.C. §1343.  Section 1343 provides, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Thus, the essential elements for wire fraud, which the United States must prove beyond a reasonable doubt, are: (1) a scheme to defraud; (2) the use of interstate wires incident to the scheme; and (3) an intent to cause harm.  United States v. Farrington, 499 F.3d 854, 859 (8th Cir. 2007).

With regard to money laundering, the indictment alleges on three separate dates Defendant knowingly and willfully transferred and caused to be transferred funds from outside the United States to a place inside the United States "with the intent to promote the carrying on

of specified unlawful activity," which is alleged to be wire fraud, in violation of 18 U.S.C. § 1956(a)(2)(A). Section 1956(a)(2)(A) provides, in relevant part:

> (a) (2) Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States--
>
> > (A) with the intent to promote the carrying on of specified unlawful activity;
>
> * * *
>
> shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer whichever is greater, or imprisonment for not more than twenty years, or both.

Thus, the elements for money laundering, which the United States must prove beyond a reasonable doubt, are: (1) the defendant conducted a financial transaction; (2) with the intent to promote "the carrying on of specified unlawful activity"; and (3) the transaction was to a place in the United States from or through a place outside the United States. See United States v. Hudspeth, 525 F.3d 667, 679-80 (8th Cir. 2008); Eighth Circuit Manual of Criminal Model Jury Instructions § 6.18.1956E. "Specified unlawful activity" includes wire fraud under 18 U.S.C. § 1343. United States v. Huber, 404 F.3d 1047, 1057 (8th Cir. 2005).

Courts analyzing 18 U.S.C. § 1956 in light of its legislative history have determined that "Congress designed the statute to fill 'the gap in the criminal law with respect to post-crime hiding of ill-gotten gains,' and intended money laundering to be a separate crime distinct from the underlying offense that generated the money." United States v. LeBlanc, 24 F.3d 340, 346 (1st Cir. 1994); United States v. Edgmon, 952 F.2d 1206 (10th Cir. 1991). Further, Congress directed § 1956 "at conduct that follows in time the underlying crime rather than to afford an alternative means of punishing the prior 'specified unlawful activity.'" Id.

While often related and intertwined, money laundering and wire fraud are distinct offenses. United States v. Rude, 88 F.3d 1538, 1546 (9th Cir. 1996); LeBlanc, 24 F.3d at 346; United States v. Wittig, 568 F.Supp.2d 1284, 1289 (D.Kan. Aug. 1, 2008); United States v. Hirko, 447 F.Supp.2d 734, 743 (S.D.Tex. Aug. 31, 2006); See United States v. Ross, 279 F.3d 600, 603 (8th Cir. 2002) (noting there are separate groups under the sentencing guidelines for wire fraud and money laundering); United States v. Linn, 31 F.3d 987, 994 (10th Cir. 1994) (citing United States v. Johnson, 971 F.2d 562 (10th Cir. 1992)) (under sentencing guidelines money laundering and wire fraud are "qualitatively distinct"). Imposition of multiple punishments for the same underlying circumstances alleged in a single indictment does not violate the Constitution so long as Congress intended it. United States v. Honken, 541 F.3d 1146, 1156 fn.10 (8th Cir. 2008). Because the money laundering counts and wire fraud counts alleged by the United States are distinct offenses and Congress intended them to be, Defendant's motion to dismiss Counts 7 through 9 is **DENIED**.

Finally, with regard to conspiracy to commit money laundering alleged in Count 11 of the indictment, the United States alleges that Defendant and Frederick Keiser, Jr. conspired to violate 18 U.S.C. 1956(a)(2)(A) and 1957. The United States must establish that Defendant knew of the conspiracy and voluntarily joined it, intending to conduct a financial transaction with the proceeds of criminally derived property of a value of more than $10,000 to further the wire fraud scheme. See Hudspeth, 525 F.3d at 676 (listing elements for a conspiracy).

Clearly, the conspiracy count requires proof of an agreement between at least two persons, which the money laundering and wire fraud count do not require. Moreover, as part of the conspiracy count, Defendant is also alleged to have violated 18 U.S.C. § 1957, which

requires the United States to show "criminally derived property of a value greater than $10,000." Consequently, the alleged conspiracy to commit money laundering is an offense distinct from the alleged money laundering or wire fraud.  See Honken, 541 F.3d at 1156 (the test to determine whether there are two offenses or one is whether each offense requires proof of an additional fact that the other does not).  Accordingly, Defendant's motion to dismiss Count 11 is **DENIED**.

## CONCLUSION

Because wire fraud, money laundering, and conspiracy to commit money laundering are distinct offenses, Defendant's motion to dismiss Counts 7, 8, 9, and 11 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2009.

> */s/* Ralph R. Erickson
> Ralph R. Erickson, District Judge
> United States District Court